**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2065-22

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

C.G.H.,

    Defendant-Respondent.

_____

Submitted October 16, 2023 – Decided November 13, 2023

Before Judges Sabatino and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 22-08-1576.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for appellant (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Cheryl L. Hammel, Assistant Prosecutor, on the brief).

Huizenga Law Firm, attorneys for respondent (William Julius Popovich, on the brief).

PER CURIAM

In this appeal by the State, we review a Law Division order admitting defendant C.G.H.[1] into the Pre-Trial Intervention ("PTI") Program over the objection of the Ocean County Prosecutor.  Based on our review of the record and applicable legal principles, we affirm.

I.

We recount the following factual statements from the record but, given our role as a reviewing court, do not make any factual findings.  In December 2020, defendant caused an accident by making an illegal U-turn and crashing her car into another car.  Both parties refused medical attention at the scene, and the other driver drove home.  It was later discovered that the other driver sustained a fracture of the fifth metacarpal bone in her left hand, which required surgery and pins.

At the scene, defendant was reportedly unable to perform field sobriety tests and was suspected to be under the influence of drugs or alcohol.  Defendant was taken back to Berkeley Township Police Department, where she acknowledged that she was on prescription medication (0.5 mg of Klonopin, 600 mg of Gabapentin, 60 mg of Fluoxetine, and 100 mg of Lithium).  Defendant

---

[1]  We use initials pursuant to R. 1:38-3(c)(5) and R. 3:28(c)(5).

A-2065-22

voluntarily submitted to a breath and urine sample. The breathalyzer showed she had a 0.00% blood alcohol level, meaning no alcohol in her system. A subsequent toxicology report confirmed the presence of 7-Aminoclonazepam, Gabapentin, and Fluoxetine in defendant's urine. As a result, defendant was issued three municipal court summonses for: driving while intoxicated, N.J.S.A. 39:4-50; reckless driving, N.J.S.A. 39:4-96; and improper U-turn, N.J.S.A. 39:4-125.

At defendant's second municipal court appearance, the State asked to stay the proceedings so the matter could be referred to the Ocean County Prosecutor's Office for possible criminal prosecution. In March 2021, defendant was charged by the State with the indictable offense of third-degree assault by auto, N.J.S.A. 2C:12-1(c), and the case was transferred to Superior Court.

In September 2021, defendant applied for admission into PTI. Following protocol, the court's Criminal Case Management Office ("CCMO") interviewed defendant and issued a guarded recommendation for admission into PTI. Despite this recommendation, defendant's application was rejected by the Ocean County Prosecutor. The prosecutor's brief rejection letter mistakenly stated, "defendant was under the influence of alcohol" when the accident occurred. In the letter, the State relied upon seven statutory factors it deemed to weigh against

3

defendant's admission into PTI and one factor that weighed in favor of her admission. All other factors were deemed to be "irrelevant".

After defendant was indicted by a grand jury for the one count of assault by auto, she filed a motion to compel her admission into PTI. On numerous occasions, during the pre- and post-indictment process, defendant made numerous requests to the prosecutor for a copy of the CCMO recommendation. At first, the State asserted it could not find a copy of the CCMO recommendation, and then the prosecutor located it but refused to turn it over. In February 2023, the court provided defendant with the CCMO recommendation.

On March 10, 2023, the trial judge issued a written ten-page decision and confirming order, reversing the prosecutor's rejection of defendant's PTI application. Applying the pertinent legal standard, the judge concluded the prosecutor's decision was the result of a "patent and gross abuse of discretion". The judge reasoned:

> The prosecutor's detailed letter of rejection in this case was grossly deficient and inaccurate, including saying that Defendant was "operating her vehicle under the influence of alcohol." The letter did not properly address all of the [PTI] factors and it made almost no reference whatsoever to Defendant as an individual and offered no discussion concerning the defendant's amenability to rehabilitation.

4

. . . [H]owever, the State's submission in January 2023 does address each of the factors. Even in further briefing, these considerations were overlooked despite the alleged impairment underlying Defendant's charge appearing to result from prescription drugs and the fact that the prosecutor's office was provided with information concerning a recent bipolar disorder diagnosis and ongoing treatment.

The judge went on to note that the State:

repeatedly deemed factors inapplicable where the record did not apparently support weighing criteria against admission, including factors (13); (14); (15); and (16). Further, the State reasoned that certain factors are neutral by ignoring evidence that bears on relevant factors. Under factor (3) concerning the age and motivation of the defendant, the State ignored the fact that Defendant appears to be complying with prescription medication which is plainly relevant to her motivation.

Despite the defendant's mental health diagnosis and treatment, the State asserts that there was no indication of any personal problem or character trait that caused this incident and only asserts under factor (5) that probation is just as effective. The State's argument under factor (6) that "there is no evidence the crime was related to a condition or situation that would be conducive to change through PTI" patently ignores relevant information concerning defendant's diagnosis and medication. The Court finds that weighing factor (8) against admission is an abuse of discretion as Defendant was offense free for approximately seven years prior to this incident and the charges do not constitute "part of a continuing pattern of anti-social behavior."

5

Under factor (11), the State fails to see how prosecution could exacerbate "the social problem that led to the applicant's criminal act." However, the court shares concerns raised by the defense regarding stigma and legal consequences flowing from Defendant's proactive and legitimate attempts to seek care.

While not necessarily a per se rejection, this court finds that the State's proffered reasoning arises almost entirely from the components of the offense itself and the victim's opposition to admission.

The judge further explained the State continued to lack any "positively weighted criteria or meaningful discussion of the defendant's individual circumstances [which] fails to show a careful consideration of the application." Lastly, the judge concluded that the "prosecutor relie[d] on generalized bare assertions that prosecution is needed to protect society and only vaguely ties such deterrence to the present record."

On appeal, the State argues its rejection of defendant's application was not, as the judge found, a patent and gross abuse of discretion. The State maintains its decision to reject defendant was made after a "thorough review of the facts of the case." The State also argues the judge improperly substituted her judgment for that of the prosecutor. Defendant maintains, as she successfully did before the Law Division, that the State's denial was a patent and gross abuse of discretion.

A-2065-22

II.

"[T]he decision to grant or deny PTI is a 'quintessentially prosecutorial function.'" State v. Roseman, 221 N.J. 611, 624 (2015) (quoting State v. Wallace, 146 N.J. 576, 582 (1996)). Eligibility for PTI is based primarily on "the applicant's amenability to correction, responsiveness to rehabilitation[,] and the nature of the offense." N.J.S.A. 2C:43-12(b)(1). Admission into PTI "requires a positive recommendation from the PTI director and the consent of the prosecutor." State v. Negran, 178 N.J. 73, 80 (2003) (citing State v. Nwobu, 139 N.J. 236, 246 (1995)). This determination is "'primarily individualistic in nature' and a prosecutor must consider an individual defendant's features that bear on his or her amenability to rehabilitation." Nwobu, 139 N.J. at 255 (1995) (quoting State v. Sutton, 80 N.J. 110, 119 (1979)). In addition to consideration of the victim's position on whether the defendant should be admitted into PTI, the determination must consider the factors set forth in N.J.S.A. 2C:43-12(e). Roseman, 221 N.J. at 621.

Whether the State based its decision to reject a PTI application on appropriate factors is a question of law. Nwobu, 139 N.J. at 247. Therefore, an appellate court reviews a trial judge's decision in this context de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378

7

(1995) ("A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.").

As we review the trial court's decision overturning the prosecutor's denial of PTI, we remain mindful that the initial decision to accept or reject a defendant's PTI application lies with the prosecutor. State v. Leonardis, 73 N.J. 360, 381 (1977). Once a prosecutor refuses to consent to the diversion of a particular defendant, the prosecutor's decision is to be afforded considerable deference. State v. DeMarco, 107 N.J. 562, 566 (1987).

A defendant attempting to overcome a prosecutorial veto must "clearly and convincingly establish that the prosecutor's refusal to sanction admission into [a PTI program] was based on a patent and gross abuse of his discretion." R. 3:28-6(b)(1). See also State v. Johnson, 238 N.J. 119, 128-29 (2019) (explaining that convincing demonstration of such abuse allows a court to admit the defendant into PTI over the prosecutor's objection).

Such abuse of discretion may arise where the denial of PTI "(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in [judgment]," and the denial "clearly subvert[s] the goals underlying [PTI]." Johnson, 238 N.J. at 129 (quoting Roseman, 221 N.J. at 625). In the

end, "[t]he question is not whether [the judge] agree[s] or disagree[s] with the prosecutor's decision, but whether the prosecutor's decision could not have been reasonably made upon weighing the relevant factors." Nwobu, 139 N.J. at 254.

With these principles in mind, we review de novo the judge's decision to overturn the prosecutor's rejection of defendant's PTI application. Having done so, we sustain the trial court's determination that the prosecutor's exclusion of defendant from the PTI program amounted to a patent and gross abuse of discretion.

First, the record supports the judge's holding "that the assessment of defendant's application was not sufficiently individualized with respect to characteristics that make her amenable to rehabilitation or her suffering from a condition or problem related to the underlying offense." The State relied on provably false information, namely that defendant was under the influence of alcohol, in rejecting her admission. Second, there was no mention in the rejection letter that defendant was taking prescription medicine as to which she tested positive.

The State also failed to appropriately consider all the required statutory factors in evaluating defendant's application. See State v. K.S., 220 N.J. 190, 203 (2015) (remanding the denial of PTI erroneously denied due to the

A-2065-22

prosecutor's failure to consider all relevant factors). In fact, the record demonstrates that rather than balancing the factors, the State recited potential mitigating factors and generally stated they were inapplicable despite contrary information in the record. For instance, the State regarded factor five as inapplicable, concluding "there was no indication of any personal problem or character trait that caused this incident[,]" despite the evidence of defendant's mental health diagnosis and treatment. In addition, the State determined factor three, the motivation and age of defendant was irrelevant, ignoring that defendant was in her mid-fifties and appeared to be getting help for psychological issues, complying with prescription medication. Further, the State found factor eight weighed against admission, asserting the charges were part of a continuing pattern of anti-social behavior, by considering defendant's arrests that did not result in convictions. This finding is contrary to K.S., where the Court held a PTI applicant's "prior dismissed charges may not be considered for any purpose" where the facts related to the arrest are in dispute or have not been determined at a hearing. K.S., 220 N.J. at 199. Additionally, the State did not mention that defendant had been offense-free for over seven years.

Regarding factor eleven, the State, without any explanation, found there was no evidence to consider whether or not prosecution would exacerbate the social problem that led to the criminal act.

In addition, the trial court reasonably determined that the State had inadequately analyzed factors thirteen, fourteen, fifteen and sixteen. When addressing factors fourteen and seventeen, the State made generalized conclusions about any offenses that involved a victim, instead of specific findings tied to both the victim in this case and her injuries and defendant based on the available information.

The record supports the trial court's conclusion that the State's rejection did not sufficiently consider "all relevant factors, [and/or] was based upon a consideration of irrelevant or inappropriate factors." State v. Bender, 80 N.J. at 84. Our de novo review of the prosecutor's PTI rejection letter reveals that it was inadequate to reflect sufficient weighing of all the PTI factors outlined in N.J.S.A. 2C:42-12(e).

To the extent we have not addressed any of the State's remaining arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11